ROAD GARAGE CORPORATION, Respondent, *v.* LEON MARCUS, Appellant.

First Department, April 11, 1930.

*Sol M. Selig*, for the appellant.

*Saul J. Dickheiser* of counsel [*Arnold M. Muhlberg*, attorney], for the respondent.

FINCH, J. The plaintiff sued upon a contract of indemnity executed by the defendant. Said contract guaranteed against loss not exceeding $6,000 in connection with the ownership and operation of a garage. It was given to induce the purchase of the garage. The defendant in his answer, among other defenses, alleged that at the special instance and request of the plaintiff he paid out various sums of money aggregating more than the amount demanded by the plaintiff. He pleaded said payments and advances as an offset to the plaintiff's claim and also by way of counterclaim. Upon the trial the defendant testified that he advanced to the plaintiff corporation in excess of $9,000 on account of which he was repaid but $3,000, leaving a balance due of some $6,000. Defendant further testified that certain other moneys were advanced to the plaintiff by two garage corporations in which the defendant was interested and that these moneys were charged to the defendant's account in said corporations and repaid by the defendant to said corporations, in addition to other amounts represented by promissory notes of the plaintiff indorsed and paid

by the defendant. The canceled checks and notes evidencing these payments were produced by the defendant upon the trial and put in evidence. The jury, however, ignored these payments in arriving at its verdict, with the exception of one item of $737, which the jury stated both sides conceded should be credited to the defendant.

Upon the introduction by the defendant in evidence of the aforesaid checks and notes showing the payments claimed to have been made by the defendant on behalf of plaintiff, the plaintiff objected upon the ground that said checks and notes were not made directly by the defendant, the plaintiff, therefore, claiming that the payments represented thereby were not available to the defendant. The defendant thereupon moved to amend his answer so as to conform to the proof and, further, to set up as a defense and to produce a written assignment to the defendant of the claims evidenced by the exhibits. This motion to amend was denied. There was no claim of surprise or prejudice on the part of the plaintiff in connection with the motion to amend. Under the circumstances said motion should have been granted. (*Goldstein* v. *Schleifer*, 209 App. Div. 899.) By the denial of the motion to amend, the jury in all probability were led to disregard the evidence of the aforesaid payments, although the defendant's testimony concerning them was uncontradicted. The learned trial court previously had ruled that the claim represented by these instruments was not the claim of the defendant but, in the absence of an assignment in writing, represented the claim of the corporations which made the payments to the plaintiff. It followed this ruling by a denial of the defendant's motion to amend the answer to allege a written assignment and to produce such an assignment upon the trial. The persons who made the payments in question testified for the defendant, corroborated the defendant's version of the transactions, and apparently were willing to execute written assignments of the claims.

Thus not only was there error in the denial of the motion to amend but the verdict of the jury in failing to credit these payments was against the weight of the evidence.

It follows that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.